UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                        CRIMINAL ACTION NO.  3:23-CR-091-CRS

JAMES NOTT                                                  DEFENDANT

## ORDER CONTINUING JURY TRIAL AND
## SETTING TELEPHONIC STATUS CONFERENCE

The Court has received and reviewed defendant James Nott's Unopposed Motion to Continue the September 25, 2023 trial date. (DN 17). As grounds for the Motion, the defendant's counsel states that he needs more time to "properly investigate the case, fully advise the Defendant, and to conduct plea negotiations." *Id.* Defendant states that granting the Motion is warranted for this reason and notes that the United States does not oppose the Motion. *Id.*

The Court having taken this matter under consideration and being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that defendant James Nott's Unopposed Motion to Continue (DN 17) is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED** from the Court's trial docket of September 25, 2023 and is **REASSIGNED** to **September 20, 2023 at 1:45 p.m.** for a **telephonic status conference.  Counsel for the parties shall connect to the conference by dialing the toll-free number 888-684-8852 and entering access code 2068314#.  Parties shall dial into the conference five (5) minutes prior to the Conference.**

**FURTHER,** the time between the date of entry of this Order and the September 20, 2023 telephonic status is hereby **DECLARED** excludable in computing the time within which the trial

1

must commence under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(i). The Court finds that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Specifically, failure to grant the continuance would likely make a continuation of the proceeding impossible or result in a miscarriage of justice due to the need for time for parties to investigate the case, conduct plea negotiations, and for defense counsel to effectively advise and represent the defendant. 18 U.S.C. § 3161(h)(7)(A); (h)(7)(B)(i). The Court holds that the defendant's Motion (DN 17) is not made for the purpose of undue delay, nor is this continuance granted "because of general congestion of the Court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(C).

August 29, 2023

Charles R. Simpson III, Senior Judge
United States District Court

cc: Counsel of Record
    United States Probation
    Jury Clerk