UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                                              Criminal No. 3:23-CR-00091-CRS
                                                                      *Electronically Filed*

**JAMES NOTT**                                                                DEFENDANT

## UNITED STATES' SENTENCING MEMORANDUM

The United States files this sentencing memorandum for defendant James Nott's (Nott") sentencing set for March 18, 2024. For the reasons stated below and pursuant to the parties' Plea Agreement in this matter, Nott should be sentenced to thirty-three (33) months imprisonment– the low-end of the applicable guidelines in this case- followed by 3 years supervised release, and payment of a special penalty assessment of $100. He should also be ordered to forfeit all firearms and ammunition.

**A.     OFFENSE CONDUCT**

Information was received regarding possible stolen human remains that were being bought and sold interstate by a network of individuals. During the course of the investigation, information obtained led to the investigation of Nott in relation the sale and shipment of human remains. (Presentencing Investigation Report (PSR), DN 30 at Page ID #102-3). Law enforcement obtained and executed a search warrant at Nott's residence and located a Chinese AK-47 rifle bearing serial number, 56-126142925 with a loaded magazine. (*Id*.). A bag of ammunition was in the same room along with approximately 6 empty magazines. (*Id*.). A second handgun, a loaded .38 special revolver, Charter Arms, serial number 14-27182, was found on a table in the residence. (*Id*.).

During a search of Nott's vehicle, agents also located a crate with three AK-47 Op rods and bolts and one additional bolt. Inside the crate, agents located seven AK-47 empty magazines and a drum magazine. Behind the driver's seat of the Chevy, on the floorboard, agents located 10 fully loaded AK-47 magazines with additional ammunition in an ammunition box. In the truck bed, agents located AK-47 magazines, miscellaneous AK-47 parts, AK-47 bolt carrier groups, and AK-47 butt stocks. (*Id*.). Both firearms were manufactured outside the Commonwealth of Kentucky and therefore travelled in interstate commerce prior to being recovered at Nott's residence on July 11, 2023. (*Id*. at Page ID # 104).

In a previous conviction in the Western District of Kentucky, case 3:11-CR-00053, on November 4, 2011, Nott was found guilty of Possession of an Unregistered Destructive Device and Possession of a Firearm by an Unlawful User of Marijuana. Nott was sentenced to 30 months imprisonment followed by 3 years of supervised release. (*Id*. at Page ID # 103).

On August 1, 2023, a one-count Indictment was filed in the Western District of Kentucky charging Nott with being a felon in possession of a firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8). Nott pleaded guilty to this charge on November 27, 2023. (*Id*. at Page ID # 100).

**B.** **GUIDELINES AND CRIMINAL HISTORY**

The United States agrees with the total guideline offense level, specific offense characteristics, and total offense Level of 19 as determined by the United States Probation Office (PSR, DN 30, Page ID # 105). The United States agrees with the criminal history calculation prepared by the United States Probation Office of a criminal history category II. (*Id*. at Page ID# 108). This results in a guideline imprisonment range of 33-41 months. (*Id*).

C.  **SENTENCING FACTORS UNDER 18 U.S.C. SECTION 3553(a).**

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). Title 18, United States Code, Section 3553(a) guides the Court regarding factors to consider when imposing a sentence. That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed:

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
    . . .

(5) any pertinent policy statement--
    . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

It is the position of the United States that a sentence of 33 months' imprisonment in this case- the lowest end of the applicable guideline range- would accomplish the sentencing purposes of 3553(a). As discussed below, the 3553(a) factors support the United States' requested sentence.

    **1.  Nature and Circumstances of the Offense**

The history and characteristics of the defendant combined with the nature of the offense support the recommended sentence.

The seriousness of Nott's offenses cannot be understated. Nott, knowing that he had a previous conviction, in particular a previous conviction involving possession of destructive devices, nonetheless decided that he could have and possess firearms against the law. As is detailed in the PSR, Nott has a history of criminal activity including unlawful possession of a firearm by a user of and addict of marijuana and possession of an unregistered destructive device. (PSR, DN 30 at Page ID# 106-107). Nott's criminal history and conduct makes clear that his past conviction failed to deter Nott from committing additional crimes.

Since the beginning of this matter, Nott has recognized the impact of his crime, has admitted his guilt, and has taken responsibility for his actions in this case.

The United States' requested sentence of imprisonment of thirty-three (33) months- the lowest end of the applicable guideline range in this case – complies with the Plea Agreement in this case and balances the severity of the crime and the need for punishment.

**2.     Need for the Sentence Imposed**

As reflected in the PSR, Nott has a criminal history that has been undeterred by the punishments faced previously. This history reflects involvement with the criminal justice system that failed to deter him from committing his current crime which involves possession of firearms he knew he couldn't have. A thirty-three (33) month sentence appropriately recognizes the seriousness of Nott's offense and balances the severity of the crime and the need for punishment with the individual characteristics of Nott.

**3.     Kinds of Sentences Available**

The thirty-three (33) month sentence of imprisonment for Nott requested by the United States strikes the appropriate balance of punishing Nott for his crimes and indicates the seriousness with which firearms crimes are viewed in this community.

### 4. Avoidance of Sentencing Disparities

As the PSR notes, according to the Judiciary Sentencing Information (JSIN) the median length of imprisonment was thirty-three (33) months for defendants whose primary guideline was § 2K2.1 with a final offense level of 19 and a criminal history category of II. (PSR, DN 30 at Page ID # 113). This is in line with the United States' requested sentence in this case and the Plea Agreement. A sentence of thirty-three (33) months is sufficient but not greater than necessary to satisfy all of the relevant sentencing factors, provides just punishment, and avoids unwarranted sentencing disparities.

## IV. FORFEITURE

As part of the Plea Agreement, Nott agreed to forfeit, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461, all firearms and ammunition involved in the commission of the offense, including, but not limited to the AK-47 rifle bearing serial number, 56-26142925, a loaded .38 special revolver, Charter Arms, serial number 14-27182, and ammunition.

A preliminary order of forfeiture has been filed with the Court and a final order of forfeiture will be filed with the Court at a later date.

## V. CONCLUSION AND SENTENCING RECOMMENDATION

For the reasons set forth herein, the United States in accordance with the Plea Agreement in this case respectfully requests the Court follow the statutory directives set out in 18 U.S.C. § Section 3553(a) and sentence Nott to 33 months' imprisonment followed by three (3) years of supervised release and order forfeiture consistent with the Notice of Forfeiture filed in this case.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

_____
Christopher C. Tieke
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky  40202
502-582-5911
christopher.tieke@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: **Donald J. Meier, Esq.**, counsel for defendant.

_____
Christopher C. Tieke
Assistant U.S. Attorney